UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Cory E. Fisherman, | Civ. No. 21-2406 (JWB/DTS) |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE |
| David Launderville, *Individually as well in her/his official capacity's*, Patrick Burnum, *Individually as well in her/his official capacity's*, and Chris Pawelk, *A-W Opperations; Individually as well in her/his official capacity's*, | |
| Defendants. | |

Cory E. Fisherman, OID No. 213394, MCF Oak Park Heights, 5329 Osgood Avenue North, Stillwater, MN 55082, *pro se* Plaintiff.

Kevin Jonassen, Esq., Minnesota Attorney General's Office, counsel for Defendants.

This matter is before the Court on the Report and Recommendation ("R&R") by United States Magistrate Judge David T. Schultz dated January 31, 2023. (Doc. No. 49.) Defendants object to the recommendation that this Court deny summary judgment on the claims against Defendant Launderville. (Doc. No. 50.) Plaintiff objects to the recommendation that this Court grant summary judgment on the claims against Defendant Barnum.[1] (Doc. No. 51.)

---

[1] As noted in the R&R, it appears that Defendant Barnum's name is misspelled in the Complaint. (Doc. No. 1.) As a result, the name is spelled incorrectly as "Burnum" in the case caption. The Court will use the correct spelling ("Barnum") in this Order.

The Court reviews *de novo* the portions of the R&R to which the parties object and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). When a party fails to file specific objections to an R&R, *de novo* review is not required. *See Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015) (observing that objections to an R&R that "are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error"). The Court reviews any aspect of an R&R to which no specific objection is made for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996); *see also* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Because Plaintiff is *pro se*, his objections are entitled to liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The Court has reviewed the parties' objections to the January 31, 2023 R&R. Plaintiff does not identify any error of law or fact that warrants rejecting the R&R's recommendation as to his claims against Defendant Barnum. Defendants likewise do not identify any error of law or fact that warrant rejecting the R&R's recommendation as to the claims against Defendant Launderville.

Regarding qualified immunity, Defendants attempt to factually distinguish *Munz v. Michael*, 28 F.3d 795 (8th Cir. 1994) and *Krout v. Geommer*, 583 F.3d 557 (8th Cir. 2009), arguing that the wrongdoing in those cases was much worse or occurred in a

different law-enforcement scenario than the alleged misconduct here. Factual distinctions do not render inapplicable the legal principle that the R&R quotes from and was applied in *Munz* and *Krout*—that law enforcement is not entitled to (and would know not to) beat someone who is restrained, be it a bound prisoner or a subdued suspect. On this record, questions remain about whether Defendant Launderville's conduct violated that principle, which precludes summary judgment.

After carefully reviewing all other portions of the R&R not specifically objected to, the Court finds that it is neither clearly erroneous nor contrary to law. Based on that review, and in consideration of the applicable law, the Court accepts the R&R in its entirety.

**IT IS HEREBY ORDERED** that:

1. Defendants' Objections to the Report and Recommendation (Doc. No. 50) are **OVERRULED;**

2. Plaintiff Cory E. Fisherman's Objection to the Report and Recommendation (Doc. No. 51) is **OVERRULED**;

3. The Report and Recommendation (Doc. No. 49) is **ACCEPTED**; and

4. Defendants' Motion for Summary Judgment (Doc. No. 30) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. Summary judgment is **GRANTED** as to Plaintiff's claims against Defendants Barnum and Pawelk; and

    b. Summary judgment is **DENIED** as to Plaintiff's claims against Defendant Launderville.

Date: March 27, 2023

<u>*s/ Jerry W. Blackwell*</u>
JERRY W. BLACKWELL
United States District Judge